UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK THON and
JANICE THON,

       Plaintiff,

                                          Case No. 13-13365
                                          Honorable Gershwin A. Drain

v.

TRANSPORT TFI 11, S.E.C.,
a foreign corporation, TRANSPORT
TFI 2, S.E.C, a foreign corporation,
and ROBERT ROBIDOUX, an
individual, jointly and severally,

       Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER [#52], DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [#54], AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALCOHOL USE OR INTOXICATION [#55]**

**I.    INTRODUCTION**

On June 26, 2013, the Plaintiffs, Fredrick Thon ("Thon") and Janice Thon, filed a Complaint against Defendants, Robert Robidoux ("Robidoux") and Transport TFI 11, S.E.C., in the Circuit Court for the county of Monroe, Michigan. On July 13, 2013, Plaintiffs filed a First Amended Complaint adding TFI Transport 2, S.E.C as a Defendant. Defendants filed a notice of removal on August 6, 2013, and the matter was moved to this Court under 28 U.S.C. § 1332(a), diversity of citizenship. *See* Dkt. No. 1. Presently before the Court is Defendants' Motion for a Protective Order Relating to Plaintiffs' Counsel's

Obstruction and Speaking Objections and to Require Deposition be Governed by a Special Master at Plaintiffs' Counsel's Expense [#52], filed on May 29, 2014; Plaintiffs' Motion for Partial Summary Judgment [#54], filed on June 5, 2014; and Plaintiffs' Motion in Limine to Exclude Evidence of Alcohol Use or Intoxication [#55], filed on June 5, 2014.

Plaintiffs filed a Response to Defendants' Motion for a Protective Order on June 9, 2014, and Defendants filed a Reply on June 16, 2014. Defendants filed a Response to Plaintiffs' Motion for Partial Summary Judgment on June 26, 2014, and Plaintiffs filed a Reply on July 10, 2014. Defendants filed a Response to Plaintiffs' Motion in Limine on June 26, 2014. No Reply was filed. The Court heard oral arguments on the matters on August 12, 2014.

Based on the facts below, the Court will grant in part and deny in part Defendants' Motion for a Protective Order Relating to Plaintiffs' Counsel's Obstruction and Speaking Objections and to Require Deposition be Governed by a Special Master at Plaintiffs' Counsel's Expense [#52], deny Plaintiffs' Motion for Partial Summary Judgment [#54], and deny without prejudice Plaintiffs' Motion in Limine to Exclude Evidence of Alcohol Use or Intoxication [#55].

## II. FACTUAL BACKGROUND

On Saturday, September 29, 2012, at or around 3 p.m., Thon and Robidoux were both driving on southbound I-75 in Monroe County, Michigan. Thon was driving a 2009 Ford pickup truck ("truck") and Robidoux was driving a 2009 Volvo TK truck (the "semi") pursuant to his employment. The parties were approaching a construction zone that had two out of three lanes closed. Traffic was slowing to accommodate the merging vehicles, but lanes were not yet closed. Thon's truck was directly in front of Robidoux's semi.

Robidoux was driving 60 or 62 miles per hour.

Robidoux, who was startled by a car passing him on the left shoulder and was distracted by looking in the side mirrors, failed to see Thon's truck slow down. Consequently, the semi struck the pickup and propelled it into a ditch on the side of the road. An eyewitness to the accident, Athena Clawson ("Clawson"), was following directly behind Robidoux's semi and stopped to help. When Clawson reached Thon's pickup, she smelled alcohol and saw an open beer can. Thon immediately asked Clawson to throw away the open beer can for him, but she refused. Thon then asked one or more other bystanders to do the same, but they also refused.

Thon was transported to the hospital. A blood-alcohol test was taken approximately one hour after the accident and after Thon had experienced significant blood loss and had received intravenous fluid replacement. The test revealed that Thon had a .147 blood-alcohol level.

Thon sustained numerous injuries from the accident including numerous fractures, internal injuries, and an alleged brain injury. A CT scan of Thon's brain revealed "advanced cortical atrophy with periventricular chronic ischemic changes" but was "[o]therwise[] unremarkable." Thon contends that the results of the CT scan show traumatic brain injury; Robidoux argues that any brain injury resulted from Thon's chronic alcohol use.

### III. LEGAL ANALYSIS

#### A. Motion for a Protective Order

##### a. Standard of Review

Depositions are designed to provide "meaningful testimony" from the witness. Objections that interfere with this goal frustrate the purpose of a deposition and "the entire

civil justice system's attempt to find the truth." *United Sates v. Kattar*, 191 F.R.D. 33, 38 (D.N.H. 1999); *see also Damaj v. Farmers Ins. Co.*, 164 F.R.D. 559, 560 (N.D. Okla. 1995). Repeated objections and interruptions prevent the ability to obtain meaningful testimony and unnecessarily add to the expense of litigation. *American Directory Serv. Agency v. Beam*, 131 F.R.D. 15, 18 (D.D.C. 1990); *see also Hall v. Clifton Precision*, 150 F.R.D. 525, 531 (E.D. Pa. 1993).

FED. R. CIV. P. 30(c)(2) directs that during a deposition by oral examination, "[a]n objection must be stated concisely in a non-argumentative and non-suggestive manner." Furthermore, "[t]he court may impose an appropriate sanction-including the reasonable expenses and attorney fees incurred by a party-on a person who impedes, delays, or frustrates the fair examination of the deponent."FED. R. CIV. P. 30(d)(2); *see Johnson v. Wayne Manor Apartments*, 152 F.R.D. 56, 59-60 (E.D. Pa. 1993).

The Federal Rules of Civil Procedure provide courts with numerous tools to prevent and discourage speaking objections and deposition abuses, including FED. R. CIV. P. 26 which permits the Court to regulate discovery, specifically through the Protective Order. *Id*. Furthermore, Federal Courts have applied 28 U.S.C. § 1927 to impose sanctions for discovery abuses in depositions. 28 U.S.C. § 1927 states that "[a]ny attorney or other person...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See Morales v. Zondo Inc.*, 204 F.R.D. 50, 54-58 (S.D.N.Y. 2001).

    **b.**    **Impermissible Deposition Conduct**

Defendants allege that Plaintiffs' counsel wrongfully obstructed Defense counsel's

deposition of Thon's neuropsychologist and expert witness, Dr. Krista Freece ("Dr. Freece"), by improperly using "Rambo litigation tactics." *Odone v. Croda Int'l PLC*, 170 F.R.D. 66, 68 n.3 (D.D.C. 1997).

> It is well settled that in the course of a deposition, an attorney is prohibited from engaging in so-called *Rambo* litigation, in which he attacks every question posed by the opposing counsel thus preventing the elicitation of any meaningful testimony from the witness. The attorney also may not object to questions in such a way as to "coach" the witness or suggest an answer.

*Id.*; *See American Directory Serv. Agency, Inc. v. Beam*, 131 F.R.D. 15, 18-19 (D.D.C. 1990). Defendants argue that Plaintiffs' counsel suggested answers to the deponent, encouraged the non-responsiveness of the witness, failed to provide the witness with key testimony beforehand, and was relentlessly obstructive throughout the deposition. Defendants therefore request that the Court order that the deposition of Dr. Freece reconvene at the Federal Courthouse so that a Magistrate, or a Special Master engaged at Plaintiffs' counsel's expense, can directly address any inappropriate conduct during the deposition.

Alternatively, Plaintiffs' counsel states that the allegations against him are false, and in support points to his upstanding reputation within the legal community–spanning twenty-two years of practice in state and federal courts across the country. While Plaintiffs' counsel has not made any formal allegations against Defense counsel, and does not wish to do so unless ordered by the Court, in its Response, Plaintiffs' counsel states that Defense counsel has been disingenuous, rude, and oppressive throughout the pendency of this matter. Furthermore, unlike Plaintiffs' counsel, Defense counsel has been previously admonished by this Court for "rancorous and dilatory tactics." Plaintiffs' counsel has no objection to the future depositions being held at the Court, but requests any costs be

bourne by the moving party.

Based on the facts above, the Court recognizes that while things did get out of hand at the deposition, Plaintiffs' counsel's actions were not harassing enough to justify stopping the deposition. During oral arguments, Defendants informed the Court that Dr. Freece's deposition fees were $350 an hour. Consequently, the Court will impose costs at $350 against Plaintiffs' counsel. However, the Court will not "babysit" any future depositions. The Parties may use the courthouse for future depositions, but the Court will not facilitate. If the Parties wish to hire a Special Master to oversee any future depositions, they may agree to do so, however, the Court is not going to require one be engaged at the Plaintiffs' counsel's expense.

**B.     Motion for Summary Judgment**

Plaintiffs' Complaint alleges five counts against Defendants. *See* Dkt. No. 1. Plaintiffs' Motion for Partial Summary Judgment seeks summary disposition on the issues of duty and breach of duty as to Counts I (negligence of Defendant Robert Robidoux), II (owners liability statute), and IV (respondeat superior). Count III (negligent entrustment) and Count V (loss of consortium) are not part of this Motion.

**1.     Standard of Review**

Federal Rule of Civil Procedure 56(a) permits a party to:

> [M]ove for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has affirmed the use of summary judgment and recognized it as an integral part of the fair and efficient administration of justice. *Celotex Corp. v. Catrett*, 477

U.S. 317, 327 (1986).

The party seeking summary judgment "bears the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden then shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). The evidence presented must be such on which a jury could reasonably find for the plaintiff; mere denials, unsupported allegations, or speculations will not be enough to meet this burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### 2. Comparative Negligence

Plaintiffs allege that the Court should award them summary disposition as to Defendants' affirmative defense of comparative negligence because the uncontested facts compel a conclusion that Thon was not the cause of the accident, and no reasonable jury could find otherwise. Plaintiffs point to *Daigneau v. Young*, 349 Mich. 632, 636, 85 N.W.2d 88 (1957) in support. In *Daigneau*, a construction worker was struck by a truck. The worker did not see the truck before it hit him, nor did he know how the truck got so close to him. Consequently, the Supreme Court held that there was insufficient evidence to establish, even by inference, that the truck driver was negligent. The *Daigneau* court further stated:

> There must be substantial evidence which forms a reasonable basis for the inference of negligence. There must be more than a mere possibility that unreasonable conduct of the defendant caused the injury. We cannot permit the jury

to guess...

*Id.* (internal citations omitted). Likewise, Robidoux has testified that he was not watching in front of his truck and had no idea how long Thon's truck was in front of him before the collision occurred. Plaintiffs therefore argue that as in *Daigneau*, in the instant case, there is no evidence, even through inference, to avoid judgment as a matter of law. Instead, Plaintiffs allege that Defendants are improperly attempting to ask the jury to guess what happened based on the mere possibility that Thon was negligent.

Furthermore, Plaintiffs maintain that state safety laws establish Robidoux's fault as a matter of law. Under Michigan law, hitting another motorist from behind is prima facie proof of negligence. MICH. COMP. LAWS § 257.643(1) requires that "[t]he driver of a motor vehicle...not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon, and the condition of, the highway." Consequently, "any motorist who collides with the rear end of another vehicle traveling in the same direction is presumed negligent, although that presumption is rebuttable." *Hill v. Wilson*, 209 Mich. App. 356, 531 N.W. 2d 744 (1995); *Lucas v. Carson*, 38 Mich. App. 552, 556-57, 196 N.W.2d 819 (1972). MICH. COMP. LAWS § 257.402 provides:

> (a) In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence...

Plaintiffs argue that the same evidence that shows Robidoux's breach of his duty to drive safely also establishes that Thon did nothing to cause the accident, and is therefore not liable for comparative negligence.

Alternatively, Defendants argue that there is ample evidence to support their theory of negligence. In response to Plaintiffs assertion of Robidoux's violation of Michigan safety laws, Defendants rely on MICH. COMP. LAWS § 600.2955a(1), which states:

> It is an absolute defense in an action for the death of an individual or for injury to a person or property that the individual upon whose death or injury the action is based had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, the individual was 50% or more the cause of the accident or event that resulted in the death or injury. If the individual described in this subsection was less than 50% the cause of the accident or event, an award of damages shall be reduced by that percentage.

Additionally, Defendants argue that they are entitled to a presumption that Thon had an impaired ability to function under MICH. COMP. LAWS § 600.2955a(2)(b):

> Impaired ability to function due to the influence of intoxicating liquor or a controlled substance means that, as a result of an individual drinking, ingesting, smoking, or otherwise consuming intoxicating liquor or a controlled substance, the individual's senses are impaired to the point that the ability to react is diminished from what it would be had the individual not consumed liquor or a controlled substance. An individual is presumed under this section to have an impaired ability to function due to the influence of intoxicating liquor or a controlled substance if, under a standard prescribed by section 625a of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.625a of the Michigan Compiled Laws, a presumption would arise that the individual's ability to operate a vehicle was impaired.

Furthermore, Defendants maintain that the police report contains contemporaneous witness statements that Thon "slowed abruptly" and Robidoux was "unable to stop" - which satisfies the "substantial evidence" necessary to infer negligence under *Daigneau*. FED. R. EVID. 803 governs the hearsay exception for public records. The following are not excluded by the hearsay rule: records, reports, statements or data compilations, setting forth in civil actions "factual findings from a legally authorized investigation, and...neither the source of information nor other circumstances indicate a lack of trustworthiness." FED. R. EVID. 803 (8). "The Sixth Circuit has long recognized that police reports come within the public record

9

exception." *Weinstein v. Siemens*, No. 2:07-CV-15000, 2010 WL 4824952, *2 (E.D. Mich. Nov. 22, 2010); *See also Baker v. Elcona Homes Corp.*, 588 F.2d 551, 556 (6th Cir. 1978) (holding that the direct observations and recorded data of a police officer in the course of his investigation and placed in the report are clearly matter observed pursuant to duty imposed by law under FED. R. EVID. 803(8)(b) and therefore not inadmissible under the hearsay rule). The Sixth Circuit has further held that there is no personal knowledge requirement extended to official reports admissible under FED. R. EVID. 803(8). *Alexander v. CareSource*, 576 F.3d 551, 562 (6th Cir. 2009) (holding that given the nature of investigative reports, it is "unlikely that the report's author(s) will have any personal knowledge of the incidents investigated").

While the police report is admissible, there remains a question of the validity of the information contained within. The primary statement Defendants rely on in support of an affirmative defense of comparative negligence is Clawson's statement that Thon abruptly stopped his vehicle and, as a result, Robidoux was unable to stop the semi in time to avoid a collision. However, during her deposition and in response to her prior statement to the police, Clawson stated: "I disagree with I said that the F-150 [Thon's truck] 'slowed abruptly,' I don't know why I would have said that when that wasn't what happened."

The contribution of Thon's intoxication and reliability of the police report and eyewitness testimony create significant questions of material fact. Therefore, it would be improper for the Court to grant partial summary judgment at this time.

**C.     Motion in Limine**

Given the Court's ruling on Plaintiffs' Motion for Partial Summary Judgment, at the August 12, 2014 hearing, Plaintiffs requested that the Court wait to address their Motion

in Limine until just prior to trial. Therefore, the Court will deny without prejudice Plaintiffs' Motion in Limine to Exclude Evidence of Alcohol Use or Intoxication.

### IV. CONCLUSION

Based on the facts above, this Court will GRANT IN PART and DENY IN PART Defendants' Motion for a Protective Order Relating to Plaintiffs' Counsel's Obstruction and Speaking Objections and to Require Deposition be Governed by a Special Master at Plaintiffs' Counsel's Expense [#52], DENY Plaintiffs' Motion for Partial Summary Judgment [#54], and DENY WITHOUT PREJUDICE Plaintiffs' Motion in Limine to Exclude Evidence of Alcohol Use or Intoxication [#55].

SO ORDERED.

Dated: August 22, 2014                    /s/Gershwin A Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk