UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK THON,
JANICE THON,

   Plaintiffs,

              Case No. 13-cv-13365
v.              HON. GERSHWIN A. DRAIN

ROBERT ROBIDOUX,
TFI TRANSPORT 11 LP (English Reference),
TFI TRANSPORT 2, LP (English Reference),

   Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIMS FOR ECONOMIC LOSS
DAMAGES AND COUNT III FOR NEGLIGENT ENTRUSTMENT [#90]**

## I.  INTRODUCTION

On June 26, 2013, Plaintiffs, Fredrick Thon ("Thon") and Janice Thon ("Mrs. Thon"),

filed the instant action against Defendants – Robert Robidoux ("Robidoux") and TFI Transport

11 LP ("TFI Transport 11") – in the Monroe County Circuit Court. On July 13, 2013, Plaintiffs

filed the First Amended Complaint, adding TFI Transport 2, LP ("TFI Transport 2") as a

Defendant.[1] On August 6, 2013, Defendants filed a Notice of Removal; the action was removed

to this Court for diversity of citizenship under 28 U.S.C. Section 1332(a). *See* Dkt. No. 1.

Plaintiffs filed the instant action alleging (1) common-law negligence; (2) negligent

entrustment; (3) negligence under Michigan's Owner's Liability Statute; (4) respondeat superior

_____

[1] All Defendants will be referred to collectively as "Defendants".

1

liability for negligence of the employee-defendant; and (5) losses of consortium, services, and companionship.  The cause of action arises out of a motor vehicle accident. Plaintiffs specifically allege that Defendant, Robidoux, caused serious and permanent injuries to Thon by failing in his duty to operate his motor vehicle with due care. Plaintiffs further allege that Defendants, who were Robidoux's employers, failed in their duty to the general public.

Presently before the Court is Defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claims for Economic Loss Damages and Negligent Entrustment, filed on August 11, 2014.  *See* Dkt. No. 90.  Defendant's Motion for Partial Summary Judgment is fully briefed. On September 2, 2014, Plaintiff filed a Response. *See* Dkt. No. 98.  On September 16, 2014, Defendant filed a Reply. *See* Dkt. No. 101.

For the reasons that follow, the Court will DENY Defendant's Motion for Partial Summary Judgment.

## II.   FACTUAL BACKGROUND

On September 29, 2012, Plaintiff, Thon, and Defendant, Robidoux, were involved in a motor vehicle accident on southbound I-75 in Berlin, Michigan. Thon was operating a 2009 Ford Pickup. Defendant Robidoux is a certified truck driver who drove trucks on assignment from brokers in Canada. He was employed full-time by Ganeca Transport and was responsible for transporting goods in both Canada and the United States. At the time of the accident, Robidoux was operating a 2009 Volvo tractor pursuant to his employment.

The Parties were approaching a construction zone. In the construction zone, two out of the three traffic lanes were closed. Traffic was slowing to accommodate vehicles merging in anticipation of entering the construction zone, but the lanes were not yet closed. Thon was

driving his pickup truck directly ahead of Robidoux, who was driving at either 60 or 62 miles per hour. Startled by a car passing his tractor on the left shoulder, Robidoux became distracted by looking in the side mirrors and failed to see Thon's pickup truck slow down. Robidoux's tractor struck Thon's pickup truck and propelled into a ditch on the side of I-75.

An eyewitness to the accident, Athena Clawson ("Clawson"), was following directly behind Robidoux's tractor and stopped to help. When Clawson reached Thon's pickup truck, she smelled alcohol and saw an open beer can. Thon asked Clawson to throw away the open beer can away from him, but she refused. Thon subsequently asked one or more other bystanders to do the same, but the bystanders also refused.

Thon was transported to the hospital where a blood-alcohol test was performed about one hour after the accident. The test was taken after Thon had experienced significant blood loss and after he received intravenous fluid replacement. The test revealed that Thon had a .147 blood-alcohol level.

As a result of the accident, Thon alleges that he suffered traumatic brain injury, bone fractures, severe internal injuries, and other physical and non-physical disabilities and damages. A CT scan of Thon's brain revealed that, "advanced cortical atrophy with periventricular chronic ischemic changes," but was found to be "[o]therwise[] unremarkable."

Defendants argue that Robidoux's clean driving record and English-language proficiency indicates that the Defendants are not liable under a theory of negligent entrustment claim. French is Robidoux's first language. Defendants further argue that other than a few minor driving incidents, Robidoux's driving record does not prove that Robidoux was incompetent, or that Defendant-employers should have known that Robidoux was incompetent. Plaintiffs contend that Defendant, Robidioux, had a history of driving incidents as well as complications in reading the

English language that indicate that Robidoux's employers knew that he was incompetent and would put others at an unreasonable risk.

## III.   LAW AND ANALYSIS

### A.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The party seeking summary judgment "bear the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). The evidence presented must be such on which a jury could reasonably find for the defendant.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

## B. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### 1. Negligent Entrustment (Plaintiff's Count III)

A jury should determine the relevant facts and whether those facts make Defendants liable under a theory of negligent entrustment. The doctrine of negligent entrustment states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Moning v. Alfono*, 400 Mich. 425, 443-44 (1977) (adopting RESTATEMENT (SECOND) OF TORTS § 390 (1965)). The negligent entrustment doctrine seeks to determine whether a person's conduct

5

was reasonable in light of the apparent risk. *Id.* at 444. Under this theory, the Plaintiff, in a motor vehicle accident, must prove that the defendant-employer knew or should have known that its employee was an incompetent or unqualified driver. *Tortora v. General Motors Corp.*, 373 Mich. 563, 567 (1964).

Under this framework, Defendants argue that they are entitled to summary judgment on the matter. In support of this argument, Defendants point to Robidoux's driving record, arguing that all of Defendant's driving incidents had been minor. Defs.' Mot. Summ. J. 13 (citing Ex. B at 31-32); *see also* Ex. D at 90. Defendants point to Robidoux's personnel file as evidence. Defendants emphasize that Robidoux has been involved in only one personal-injury accident, which occurred in 1988; that he was cited for improperly parking his truck in front of a restaurant in Ontario, in 2009; in 2010, he hit a parking block in a truck-stop parking lot in Ontario, requiring an $841 repair; in 2011, after an inspection, Robidoux's truck was found to have two burned out light bulbs; and in 2012, while he was backing his truck into a parking spot at a truck stop in Missouri, he hit the front fender of another truck with the back of the trailer, which was attached to his truck, requiring a fender repair for the other truck. Defs.' Mot. Summ. J. 3-4 (citations omitted). Defendants also support their argument with evidence that Robidoux fulfilled all licensing requirements for truck drivers under both federal and Canadian regulations. Defs.' Mot. Summ. J. 14 (citing Exs. R, T).

On the other hand, Plaintiffs, in support of its argument that TFI Transport should be held liable under a negligent entrustment theory, also point to Robidoux's driving record. Plaintiffs contend that Defendants mischaracterized Robidoux's driving record as clean. For example, whereas Defendants characterized Robidoux's 2009 parking citation as a minor incident, *see* Defs.' Mot. Summ. J. 17, Plaintiffs highlight that Robidoux, as a result of his improper parking,

blocked traffic on a provincial highway in Ontario. Plfs.' Resp. 6 (citation omitted). In another example, Plaintiffs highlight Roubidoux's 2012 driving incident. Whereas, again, Defendants refer to the incident as minor, Plaintiffs suggest that $4,700 worth of vehicular damage is evidence that Robidoux is neither a safe nor an appropriate driver. *Id.* at 7-8.

Plaintiffs also point out that all driving incidences are not reported in a driver's personnel file and that as a result, Robidoux's personnel file does not represent a complete driving record. Plfs.' Resp. 5-6, 8 (citing Defs.' Mot. Summ. J., Ex. B). Plaintiffs also point to the deposition testimony of Steven Campbell ("Campbell"), the employer's operations manager, who stated that he was "concerned in a way" that Robidoux was involved in an accident two weeks prior to his accident with Thon. Campbell also stated that, up until the time of Robidoux's accident with Thon, he had not yet had time to reprimand Robidoux for the accident. Plfs.' Resp. 5 (citation omitted). To further support this particular argument, Plaintiffs point again to Campbell's deposition, at which Campbell testified that traffic citations are not included in a driver's personnel file unless they lead to a formal reprimand. *Id.* at 6.

As a final matter on this issue, Plaintiffs also argue that pursuant to 49 CFR § 391.11, a driver has to understand highway signs in English. Plfs.' Resp. 8. Plaintiffs contend that Robidoux's need to pull aside of the road in order to read long traffic signs, written in the English language, demonstrates that he was an unqualified driver. Plfs.' Resp. 8, Ex. A at 77.

Reasonable minds can differ on the determination of whether Defendants, in employing Robidoux, acted reasonably in regard to the duty that it owed to Plaintiff to screen for safe and competent drivers. For this reason, whether defendants should be held liable under the theory of negligent entrustment, based on the record presently before the Court, should be for a jury to decide.

7

### 2.   All Claims for Economic Loss Damages

Michigan law states that:

> The no-fault act, in § 3135, abolishes tort liability arising from the ownership, maintenance, or use of a motor vehicle except, in relevant part, as to "[d]amages for noneconomic loss" "if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement," and "[d]amages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 and 3110 in excess of the daily, monthly, and 3-year limitations contained in those sections."

*Ouellette v. Kenealy*, 424 Mich. 83, 85 (1985) (quoting M.C.L. § 500.3101 *et seq.*, M.S.A. § 24.13101 *et seq.*).

Defendants argue that Plaintiffs are not entitled to any economic loss damages. To support its argument, in part, Defendant uses Michigan's no-fault automobile law, which states that work loss, "is restricted to accrued loss, *and thus covers only actual loss of earnings as contrasted to loss of earning capacity*." *Id.* at 86-87 (emphasis in original) (citations omitted). Plaintiffs have agreed with Defendants that they will not make a claim for wage loss. Pls.' Resp. 10. In addition, while Plaintiffs concede that, in order to prevent Plaintiffs from double-dipping, recovery from their no-fault automobile insurance carrier may limit its recovery in this lawsuit, Plaintiffs also maintain and emphasize that its immediate lawsuit is not an action under Michigan's no-fault automobile law. Plfs.' Resp. 14.

Plaintiffs contend that Defendants are misapplying Michigan's no-fault automobile law altogether, arguing that they do not plan to proceed under the no-fault law because Defendants have not proven its Canadian-based driver and owner are entitled to the protections of said law. *Id.* Defendant argues that Michigan's no-fault law does apply. In support of this argument, Defendant maintains that because Plaintiff's injuries occurred through the ownership, operation,

8

and use of a motor vehicle, Plaintiff must seek recovery through Michigan's no-fault law. Defs.'
Reply 5.

In order to prevail on a motion for summary judgment, the movant must establish by use
of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law. The opposing party must then come forward with
"specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv.
Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th
Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden,
nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at
248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-
movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

The facts cited by the Defendants do not show the absence of a genuine dispute, pursuant
to Federal Rule of Civil Procedure 56(c)(1)(B). Defendants produce evidence that may support
application of Michigan's no-fault law. Defs.' Reply 5 (citing Defs. Resp., Exs. A, B, C).
Plaintiffs contend in the Response, however, that Michigan's no-fault law do not apply to the
facts of this case. The record demonstrates a sufficient disagreement, and thus, the question
requires submission to a jury.

### 3. Redacting Personal Information from the Record

Plaintiffs, as a final matter, request that the Court strike Exhibits K and L, for the
exhibits' display of Plaintiff's personal information. The Court orders Defendants to redact
Plaintiff's personal information, including all displays of Plaintiff's social security number, from
Exhibits K and L.

9

**IV.     CONCLUSION**

For the reasons stated above, the Defendant's Motion for Partial Summary Judgment [#90] is DENIED.

Defendants are also ordered to redact Plaintiffs' personal information, in particular, all displays of Plaintiff's social security number, from Exhibits K and L.

IT IS SO ORDERED.

Dated: September 26, 2014                          s/Gershwin A. Drain
       Detroit, Michigan                           GERSHWIN A. DRAIN
                                                   United States District Judge


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **<u>September 26, 2014.</u>**

                                                   s/Tanya R. Bankston
                                                   TANYA R.BANKSTON
                                                   Case Manager & Deputy Clerk